IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR 19-29-GF-BMM<br>CR 19-30-GF-BMM<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS |

**BACKGROUND**

The Indictment in CR-19-29-GF-BMM charges Defendant Luke John Scott, Sr. (Scott) with assault resulting in serious bodily injury and felony child abuse. (CR-19-29-GF-BMM, Doc. 1.) The Superseding Indictment in CR-19-30-GF-BMM charges Scott with aggravated sexual abuse and assault with intent to commit murder. (CR-19-30-GF-BMM, Doc. 42.) The Court allowed Scott to proceed *pro se* in both cases after having conducted a *Faretta* hearing to assess whether Scott undertook knowingly, intelligently, and voluntarily his decision to represent himself. (CR-19-29, Doc. 73 at 1-2 & CR-19-30, Doc. 72 at 1-2.) Trial is currently scheduled in CR-19-29 on August 11, 2020, and in CR-19-30 on August

1

25, 2020. (CR-19-29, Doc. 102 & CR-19-30, Doc. 100.)

Scott applied for a writ of habeas corpus under 28 U.S.C. § 2241. (CV-20-32, Doc. 1.) The Court granted Scott's motion to proceed in forma pauperis and evaluated Scott's habeas petition. (CV-20-32, Doc. 5.) The Court determined that Scott's claims were not aimed solely at the legality of his current custody. (*Id.* at 2.) Scott contends instead that the United States lacks jurisdiction to pursue the criminal charges pending against him. (*Id.*) The Court determined that Scott's habeas claims were better suited for pretrial motions in his criminal cases. The Court dismissed Scott's petition for a writ of habeas corpus and directed the clerk to file Scott's habeas petition and brief in each of Scott's criminal cases as a motion to dismiss and brief in support. (*Id.*) Scott's motions to dismiss are now pending in each of his criminal cases. (CR-19-29-GF-BMM, Doc. 105 & CR-19-30-GF-BMM, Doc. 102.)

Scott has complemented these filings with stand alone motions to dismiss in the two pending criminal cases that largely mirror the claims in CR-19-29-GF-BMM, Doc. 105 & CR-19-30-GF-BMM, Doc. 102. (CR-19-29-GF-BMM, Doc. 114 & CR-19-30-GF-BMM, Doc. 108.) The Government opposes the motions. (CR-19-29-GF-BMM, Doc. 119 & CR-19-30-GF-BMM, Doc. 115.) Scott makes nearly identical arguments in the two motions. The Court will address Scott's two motions in this single order.

2

## DISCUSSION

The Major Crimes Act, 18 U.S.C. § 1153, provides federal jurisdiction for the prosecution of Indian persons for a limited number of discrete crimes. The government indicted Scott for his current offenses pursuant to its authority under the Major Crimes Act. (CR-19-29-GF-BMM, Doc. 1 & CR-19-30-GF-BMM, Doc. 42.) Scott contends that the Double Jeopardy Clause of the Fifth Amendment bars his current prosecution in light of his previous tribal prosecution for the same offense. (CR-19-29-GF-BMM, Doc. 114 at 2-3 & CR-19-30-GF-BMM, Doc. 108 at 2-3.) He further argues that the so-called "dual sovereignty" claim used by the Government represents a "corrupt application and improper description to apply to Indian tribes and tribal governments." (*Id.*) Scott argues that "tribes derive their power from the Federal Government." (*Id.*) Scott also contends that the Major Crimes Act violates his due process rights under the Fifth Amendment and "international treaties and standards." (*Id.* at 5-6.)

I. **Whether Congress has the authority to legislate crimes in Indian Country**.

The U.S. Supreme Court recognizes that Congress possesses broad authority to legislate Indian affairs. *United States v. Lara*, 541 U.S. 193, 194 (2004). The Major Crimes Act stands as the leading example of an effort by Congress to legislate Indian affairs. The Major Crimes Act authorizes the federal government

3

to prosecute Indian persons in federal courts for a limited number of enumerated offenses committed in Indian country. *See United States v. Burnside*, 831 F.2d 868, 870 (9th Cir. 1987) (citing *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993 (1973)).

The Major Crimes Act states in full:

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
(b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

18 U.S.C. § 1153.

Indian country includes "all land within the limits of any Indian reservation." *Id.* § 1151(a). The statute is both jurisdictional and substantive but does not define the elements of the crimes it lists. *See United States v. Male Juvenile*, 280 F.3d 1008, 1017 (9th Cir. 2002). The Major Crimes Act must be construed narrowly, in favor of limited incursion on Native American sovereignty.

4

*See United States v. Errol D., Jr.*, 292 F.3d 1159, 1163–64 (9th Cir. 2002). The Act originally allowed for prosecution of seven offenses. *See United States v. Tyndall*, 400 F.Supp. 949, 950–51 (D. Neb. 1975). Congress has added other crimes over time, and in 2006 it added a fifteenth: "felony child abuse or neglect." 18 U.S.C. § 1153(a); Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109–248, § 215, 120 Stat. 587, 617 (2006). The addition of this particular crime was originally proposed in the Indian Child Protection and Family Violence Prevention Amendments of 2006 "to close the gap that exists in addressing the full range of crimes that may be inflicted on children." S. Rep. 109–255, at 5 (2006).

The Indictment in CR-19-29-GF-BMM charges Scott with assault resulting in serious bodily injury and felony child abuse. (CR-19-29-GF-BMM, Doc. 1.) The Major Crimes Act specifically covers the assault resulting in serious bodily injury charge. The 2006 amendment to the Major Crimes Act covers the felony child abuse charge. The Superseding Indictment in CR-19-30-GF-BMM charges Scott with aggravated sexual abuse and assault with intent to commit murder. (CR-19-30-GF-BMM, Doc. 42.) The Major Crimes Act once again provides jurisdiction for both alleged offenses.

The U.S. Supreme Court first rejected a challenge to the constitutionality of the Major Crimes Act in *United States v. Kagama*, 118 U.S. 375 (1886). The Supreme Court consistently has affirmed the "broad and plenary" authority of

5

Congress to legislate Indian affairs. *See United States v. Smith*, 925 F.3d 410, 416-17 (9th Cir.), *cert. denied*, 140 S.Ct. 407 (2019). Scott counters that the Supreme Court based its holding in *Lara* on an invalid interpretation of Congressional authority. (Doc. 114 at 7-8.) *Lara* remains good law and this Court lacks the power to ignore or disregard it. *See, e.g.*, *Ostrach v. Regents of the University of California*, 957 F. Supp. 196, 200 (E.D. Cal. 1997) (concluding that the district court lacked authority to ignore binding precedent).

## II. Whether Scott's prosecution violates the Equal Protection principles of the Fifth Amendment.

Scott argues next that the Major Crimes Act bases federal jurisdiction on an impermissible race-based classification. (CR-19-29-GF-BMM, Doc. 114 at 5-6 & CR-19-30-GF-BMM, Doc. 108 at 5-6.) Scott contends that the Major Crimes Act relies on an "implicit racial distinction" that "only works to prejudice Indian defendant's rights." (*Id.*) The Supreme Court rejected a similar challenge in *United States v. Antelope*, 430 U.S. 641 (1977). Two enrolled Coeur d'Alene Indians challenged their convictions for first-degree murder in federal court. The alleged crimes were committed within the exterior boundaries of the Coeur d'Alene Indian Reservation. *Id.* at 642. The Ninth Circuit vacated the convictions on the grounds that application of federal law to the defendants, in the form of the Major Crimes Act, put them "at a serious racially-based disadvantage." *United States v. Antelope*,

6

523 F.2d 400, 406 (9th Cir. 1975). The disparity in application of the Major Crimes Act to Indian defendants only violated the equal protection requirements implicit in the Due Process Clause of the Fifth Amendment. *Id.* The Supreme Court reversed.

The Supreme Court concluded that the distinction in application of the Major Crimes Act to Indian persons only constituted a permissible political distinction as opposed to an impermissible racial distinction. "The decisions of this Court leave no doubt that federal legislation with respect to Indian tribes, although relating to Indians as such, is not based upon impermissible racial classifications." *Antelope*, 430 U.S. at 645. *Antelope* remains binding precedent that the Court must follow. *Ostrach*, 957 F.Supp. at 200.

### III. Whether Scott's prosecution under the Major Crimes Act violates Double Jeopardy Clause of the Fifth Amendment.

Scott next argues that his prosecution in federal court under the Major Crimes Act violates the Double Jeopardy Clause of the Fifth Amendment. The Fort Peck Tribes charged Scott with similar charges arising from the same facts. (CR-19-29-GF-BMM, Doc. 119 at 8 & CR-19-30-GF-BMM, Doc. 115 at 8.) The Government notes that Scott was charged in tribal court in both cases. The Government points out that neither case went to trial, so jeopardy never attached. (CR-19-29-GF-BMM, Doc. 119 at 8 & CR-19-30-GF-BMM, Doc. 115 at 8, *citing*

*Martinez v. Illinois*, 572 U.S. 833, 839 (2014).)

The Government represents that the Fort Peck Tribal Court dismissed without prejudice the prosecution for the conduct underlying CR-19-30. (CR-19-29-GF-BMM, Doc. 119 at 8 & CR-19-30-GF-BMM, Doc. 115 at 8.) The Government further represents that the conduct at issue in CR-19-29 remains pending in Fort Peck Tribal Court. (*Id.*) It appears that jeopardy has not yet attached as the Fort Peck Tribal Court has not empaneled and sworn a jury in either case. *Martinez*, 572 U.S. at 839.

Moreover, Scott could find no protection from this federal prosecution under the Double Jeopardy Clause as the Supreme Court has concluded that a subsequent prosecution in federal court under the Major Crimes Act does not violate double jeopardy principles. *Lara*, 541 U.S. at 210; *see also Puerto Rico v. Sanchez Valle*, ___ U.S. ___, 136 S.Ct. 1863, 1870-72 (2016) (successive prosecutions for the same offense are not barred by the Double Jeopardy Clause if brought by separate sovereigns, and Indian Tribes "count as separate sovereigns under the Double Jeopardy Clause"). The Court, once again, lacks the authority to challenge the application of these precedents. *Ostrach*, 957 F.Supp. at 200.

 **IV.**  **Whether Scott's prosecution under the Major Crimes Act violates international treaties and standards**.

Scott argues finally that his prosecution under the Major Crimes Act violates

international treaties and standards. (CR-19-29-GF-BMM, Doc. 114 at 6-7 & CR-19-30-GF-BMM, Doc. 108 at 6-7.) He suggests that the Major Crimes Act contravenes international norms and treaties and represents the product of the imperialistic doctrine known as "terra nullius" in which European colonizers imposed their will upon unoccupied lands. (*Id.* at 7.) Scott further contends that the Major Crimes Act violates the Thirteenth Amendment as it "puts American Indians in involuntary servitude." (*Id.*) The Court declines to reach these claims in light of the binding precedent of the Supreme Court that has upheld application of the Major Crimes Act to prosecutions similar to Scott's. *See Lara*, 541 U.S. at 210.

Accordingly, **IT IS HEREBY ORDERED** that Scott's Motions to Dismiss (CR-19-29-GF-BMM, Docs. 105 & 114 and CR-19-30-GF-BMM, Docs. 102 & 108) are **DENIED**.

DATED this 4th day of May, 2020.

_____
Brian Morris, Chief District Judge
United States District Court