IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR-19-29-GF-BMM<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
|---|---|

## BACKGROUND

The Indictment charges Defendant Luke John Scott, Sr. ("Scott") with assault resulting in serious bodily injury ("Count I") and felony child abuse ("Count II"). (Doc. 2 at 1.) After conducting a *Faretta* hearing, the Court determined that Scott knowingly, intelligently, and voluntarily undertook his decision to represent himself and allowed him to proceed *pro se*. (Doc. 73 at 1-2.) Trial is currently scheduled on August 11, 2020. (Doc. 102.) Scott has filed two prior motions to dismiss in this case. (Docs. 105, 114.) The Court denied both

1

motions. (Doc. 126.) Scott now files his third motion to dismiss. (Doc. 145.) The Government opposes the motion. (Doc. 154.)

## DISCUSSION

**I.    Whether Count I of the Indictment is duplicitous.**

Scott first argues that Count I of the Indictment impermissibly charges him with two offenses. (Doc. 145 at 2.) An indictment proves duplicitous if a single count combines two or more different offenses. *United States v. Renteria*, 557 F.3d 1003, 1007 (9th Cir. 2009). A prosecutor should remain free before trial to exercise broad discretion. *United States v. Goodwin*, 457 U.S. 368, 382 (1982). Due process does not forbid enhanced sentences or charges. *Wasman v. United States*, 468 U.S. 559, 568 (1984). Any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Count I of the Indictment charges Scott with one offense: assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153(a), 113(a)(6), and 3559(f)(3). (Doc. 2 at 1.) Scott argues that the inclusion of § 3559(f)(3) constitutes a separate and distinct charge. (Doc. 145 at 2.) Section 3559(f)(3) provides, in pertinent part:

> A person who is convicted of a Federal offense that is a crime of violence against the person of an individual who has not attained the age of 18 years shall, unless a greater mandatory minimum sentence of imprisonment is

2

otherwise provided by law and regardless of any maximum term of imprisonment otherwise provided for the offense—if the crime of violence results in serious bodily injury, be imprisoned for life or any term of years not less than 10.

18 U.S.C. § 3559(f)(3).

Section 3559(f)(3) provides an additional element, the age of the victim, that the Government must prove beyond a reasonable doubt at trial. The decision to seek a mandatory minimum sentencing enhancement remains in the prosecutor's discretion. *See Goodwin*, 457 U.S. at 382. It does not offend due process and does not constitute a separate offense.

**II.     Whether Count II of the Indictment proves impermissibly vague.**

Scott next argues that Count II of the Indictment proves impermissibly vague. (Doc. 145 at 4.) To satisfy the Due Process Clause of the United States Constitution, an indictment "must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." *United States v. Bohonus*, 628 F.2d 1167, 1173 (9th Cir. 1980) (citations omitted). An indictment may be found sufficient where it sets forth the charge "in the words of the statute itself" provided those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (quoting *Hamling v. United States*, 418 U.S. 87, 117

(1974)). An indictment proves "defective" where it fails to apprise the defendant "with reasonable certainty" of the charge against him. *Russell v. United States*, 369 U.S. 749, 765 (1962).

The Court must review the indictment "in its entirety" and with "common sense and practicality." *United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) (citations omitted). The requisite test does not inquire whether the indictment "could have been framed in a more satisfactory manner," but "whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009).

Count II of the Indictment charges Scott with felony child abuse in violation of 18 U.S.C. § 1153(a) and Mont. Code Ann. § 45-5-212(1) and (2). (Doc. 2 at 1.) Scott argues that the Indictment does not inform him "'how' Mr. Scott caused the alleged bodily injury." (Doc. 145 at 4.) By the plain language of the Indictment, Scott has been apprised that he has been charged with the crime of felony child abuse. The Indictment further informs Scott of the name of the victim. Indeed, Scott confirms his knowledge of the victim in his motion to dismiss. (*Id.*) The Indictment includes the location of the offense. The Indictment specifies, finally, the approximate timeframe of the alleged conduct. The Court finds that these disclosures meet the minimal constitutional standard described by the Ninth Circuit. *See Awad*, 551 F.3d at 935.

Finally, Scott argues that the Indictment is too specific, because the inclusion of an approximate timeframe is not statutorily required. (Doc. 145 at 5.) He correctly argues that the Government is not required to include the approximate timeframe in which the offense occurred. A sufficient indictment simply requires the Government to set forth the charge "in the words of the statute itself" provided those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *See Mancuso*, 718 F.3d at 790. The Government provides an approximate timeframe to better inform the defendant of when it believes that the alleged conduct occurred. Had the Government failed to include a timeframe, Scott would likely have decried that failure as not informing him of his offense with sufficient specificity. Scott cannot have it both ways. Scott's arguments that he cannot discern the nature of his offense fall short. The Indictment is not impermissibly vague. And it does not violate Scott's due process rights.

Accordingly, **IT IS HEREBY ORDERED** that Scott's Motion to Dismiss (Doc. 145) is **DENIED**.

DATED this 5th day of June, 2020.

_____
Brian Morris, Chief District Judge
United States District Court