IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR 19-29-GF-BMM<br>Cause No. CR 19-30-GF-BMM<br><br>ORDER REGARDING SCOTT'S MOTION FOR RETURN OF DOCUMENTS |

Defendant Luke John Scott, Sr. (Scott) represents himself in two criminal cases. (CR-19-29-GF-BMM, Doc. 73 & CR-19-30-GF-BMM, Doc. 72.) Scott wrote a letter to the Clerk of Court, which reads in its entirety, "I need the original exhibits that I filed with my detention hearing in both cases in (CR-19-29-GF-BMM, Doc. 117) and (CR-19-30-GF-BMM, Doc. 121)." (CR-19-29-GF-BMM, Doc. 173 & CR-19-30-GF-BMM, Doc. 187.) The Clerk filed the letter as a Motion for Return of Documents. (*Id.*)

1

Scott seeks the exhibits that he claims he filed with his motion for a detention hearing. (*Id.*) Scott filed a Motion for Detention Hearing and a Brief in Support on April 30, 2020. (CR-19-29-GF-BMM, Docs. 120, 121 & CR-19-30-GF-BMM, Doc. 72.) No exhibits are attached to either the brief or the motion. (*Id.*) In his letter to the Clerk, Scott cited Doc. 117 in CR-19-29-GF-BMM, which is an *Ex-Parte* Motion filed by Scott unrelated to his detention hearing. Scott also cited Doc. 121 in CR-19-30-GF-BMM, which is a Text Order resetting Scott's detention hearing.

The Court is not able to discern from Scott's requests of which documents he seeks the return. Scott did not file exhibits with his motion or brief for a detention hearing, and the document numbers to which he cites are not exhibits. It also should be noted that the Clerk generally returns original exhibits to parties after a motion is resolved fully or after a case concludes.

The Clerk files everything received from Scott in the docket. Scott may review the docket with his standby counsel, identify the documents that he seeks to be returned, and ask standby counsel to print the documents for him. The Court reminds Scott that the Clerk does not serve as Scott's paralegal. (CR-19-29-GF-BMM, Doc. 142 & CR-19-30-GF-BMM, Doc. 145.) The Court fully explained to Scott the difficulties posed by self-representation before Scott opted to proceed *pro se*.

Accordingly, **IT IS HEREBY ORDERED** that Scott's Motion for Return of Documents (CR-19-29-GF-BMM, Doc. 173 & CR-19-30-GF-BMM, Doc. 187.) is **DENIED**.

DATED this 19th day of June, 2020.

_____
Brian Morris, Chief District Judge
United States District Court