IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>Defendant. | Cause No. CR 19-29-GF-BMM<br>Cause No. CR 19-30-GF-BMM<br><br>ORDER REGARDING DEFENDANT'S NOTICES TO THE COURT REGARDING HIS *EX-PARTE* FILINGS AND GRIEVANCE |

The Court allowed Scott to proceed *pro se* in his two criminal cases after having conducted a *Faretta* hearing to assess whether Scott undertook knowingly, intelligently, and voluntarily his decision to represent himself. (CR-19-29-GF-BMM, Doc. 73 & CR-19-30-GF-BMM, Doc. 72.) Scott remains incarcerated pending trial in both cases.

Scott filed a notice regarding his *ex-parte* filings and grievance in both of his criminal cases on July 22, 2020. (CR-19-29-GF-BMM, Doc. 191 & CR-19-30-GF-BMM, Doc. 199.) Scott notified the Court that he has filed a grievance with the

1

Office of Disciplinary Counsel ("ODC") against Assistant United States Attorney Kalah Paisley ("AUSA Paisley"). (*Id.* at 1.) Scott reports that AUSA Paisley included a document in her filings with the ODC that Scott had filed previously with this Court. (*Id.*) Scott states that he had filed the document *ex-parte*, and that the document contained Scott's request for handbooks, manuals, investigation policies, procedures, interrogation techniques, and recording policies of the Fort Peck Tribal Criminal Investigators. (*Id.* at 1-2.) Scott states further that he had filed an *ex-parte* brief in support of the motion, and that the brief included elements of his defense strategy. (*Id.*)

Scott identifies the document as CR-19-29-GF-BMM, Doc. 109. (*Id.*) The Court has reviewed the docket, and Doc. 109 in CR-19-29-GF-BMM is an Order permitting Scott to possess a redacted set of discovery documents. Scott also states that the Court grated the motion for the subpoena to which he refers, and cites Doc. 158 in CR-19-29-GF-BMM. (*Id.* at 2.) Doc. 158 in CR-19-29-GF-BMM is an *ex-parte* order granting Doc. 155. Doc. 155 is an *ex-parte* motion for subpoena duces tecum. There is no brief attached to Doc. 155. Thus, the Court is not able to determine to which document Scott refers.

Scott states that AUSA Paisley violated due process and committed prosecutorial misconduct. (CR-19-29-GF-BMM, Doc. 191 at 1 & CR-19-30-GF-BMM, Doc. 199 at 1.) Scott reports that he was unaware that the Government has

2

access to his *ex-parte* filings. (*Id.* at 2.) Scott prays that the Court will "take this matter seriously and sanction Ms. Paisley for this breach of procedure." (*Id.* at 2.) Scott reports that he will not be able to file any more *ex-parte* communications with the Court until he knows that the matter has been addressed. He asks the Court to make sure that Scott's *ex-parte* communications are sealed. (*Id.* at 2.)

Scott filed another notice regarding his *ex-parte* filings in CR-19-29-GF-BMM on July 22, 2020. (CR-19-29-GF-BMM, Doc. 202.) Scott cites Doc. 109 again, states that the Court gave the document to the Government, and then later sealed the document. (*Id.* at 1-2.) Scott attached a letter that AUSA Paisley wrote to the ODC. (*Id.* at 3.) In the letter, AUSA Paisley notifies ODC that she inadvertently attached a document to her response "that was sealed by the District Court after it was given to the government." (*Id.*) She asks the ODC to destroy the document because she does not believe the document proves necessary for its determination of the grievance. (*Id.*)

Scott worries because he was unaware that the Government was allowed to access *ex-parte* filings. (Doc. 202 at 2.) Scott argues that he is now "defenseless" because the Government accessed this document—a document that the Court has not been able to identify. (*Id.*) Scott asserts that this document contained his "entire defense strategy." (*Id.*) Scott asks the Court to sanction the Government, seal Scott's *ex-parte* filings, and direct Scott on how to file his documents without

exposing his defense. (*Id.*)

The Court recognizes Scott's concerns regarding his *ex-parte* filings. The Court can confidently state that the Government does not have access to Scott's *ex-parte* filings. The Court is not able to determine which document Scott alleges the Governmnet improperly received, but the Court has reviewed the docket in both cases and has ensured that Scott's *ex-parte* filings are sealed. If the Government received something that it should not have from the Court, the Court can state for certain that the error was inadvertent.

The Clerk of Court diligently files documents as she receives them from Scott. She files under seal each document that Scott labels "*ex-parte*." Scott should continue to label all documents that he wishes the Clerk of Court to file under seal as "*ex-parte*." Going forward, Scott should remember, however, that very few documents are appropriately filed as *ex-parte*. As a general rule, all filings are open to all parties and the public.

Scott asks the Court to sanction AUSA Paisley pursuant to *United States v. Horn*, 811 F. Supp. 739 (D. N.H. 1992), *judgment reversed in part by United States v. Horn*, 29 F.3d 754 (1st Cir. 1994). In *Horn*, 811 F. Supp. at 741-43, the government improperly copied and reviewed documents that the defendants had flagged as important. The United States District Court for the District of New Hampshire determined that the government committed prosecutorial misconduct

by gaining possession of defense counsel's confidential work product and that the defendants demonstrated actual prejudice resulting from the government's misconduct. *Id.* at 750-51. The court considered sanctions that included granting a continuance, granting a new trial, disqualifying the prosecutor, imposing disciplinary sanctions on the offender, holding the offender in contempt, publicly chastising the offender, and excluding evidence. *Id.* at 752.

    Scott's reliance on *Horn* proves misplaced. As an initial matter, Scott has not identified any conduct by AUSA Paisley that raises to the level of prosecutorial misconduct. *See Horn*, 811 F. Supp. at 750-51. In fact, Scott alleges that AUSA Paisley received the *ex-parte* document from the Court. If that were the case, the Court's inadvertent error created the alleged issue, not AUSA Paisley's misconduct. Further, Scott has not demonstrated actual prejudice resulting from said government misconduct, because no misconduct exists in the first instance. *See id.* The Court will not sanction the Government.

    Accordingly, **IT IS HEREBY ORDERED** that the relief Scott seeks in his Notices to the Court Regarding his *Ex-Parte* Filings and Grievance (CR-19-29-GF-BMM, Docs. 191, 202 & CR-19-30-GF-BMM, Doc. 199) is **GRANTED, IN PART,** and **DENIED, IN PART**. The Court has ensured that Scott's *ex-parte* filings are sealed. Scott is directed to clearly label any documents he wishes to file under seal as "*ex-parte*." The Court will not impose sanctions on the Government.

DATED this 7th day of August, 2020.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United States District Court