IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LUKE JOHN SCOTT, SR., <br><br> Defendant. | Cause No. CR 19-29-GF-BMM <br><br> ORDER REGARDING DEFENDANT'S MOTION FOR IN CAMERA REVIEW OF THE GOVERNMENT'S LAW ENFORCEMENT PERSONNEL FILES |

The Court allowed Scott to proceed *pro se* in his two criminal cases after having conducted a *Faretta* hearing to assess whether Scott undertook knowingly, intelligently, and voluntarily his decision to represent himself. (Doc. 73.) Scott filed a *Henthorn* request. (Doc. 99.) The Government replied to Scott's request, and stated that it would produce any discoverable *Henthorn* material consistent with office and District policy. (Doc. 104 at 2.) The Government represented that—if it discovered information requiring disclosure—it would perhaps seek advice from the Court regarding the manner of disclosure given Scott's status as a *pro se* defendant. (*Id.*)

1

The Court directed the Government to produce discoverable *Henthorn* material to Scott 30 days before trial. (Doc. 108 at 2.) At the time, trial was scheduled for August 11, 2020. (*See* Doc. 102.) The Government filed a Notice of Compliance with *Henthorn* Obligations on July 16, 2020. (Doc. 188.) Assistant United States Attorney Kalah A. Paisley ("AUSA Paisley") represented that the Government complied with the Court's Order regarding discoverable *Henthorn* material, made timely inquiries, and had nothing to disclose. (*Id.* at 2.)

Scott filed a Motion to Continue trial on July 22, 2020. (Doc. 190.) The Government did not oppose the motion, but stated that it will likely oppose any further requests to continue. (Doc. 199.) The Court granted Scott's motion, and reset the trial for November 17, 2020. (Doc. 200.) The Court notified Scott that it would look with disfavor on any more requests for continuances given the case's history. (*Id.* at 3.)

Scott has now filed a Motion for In Camera Review of the Government's Law Enforcement Personnel Files. (Doc. 203.) Scott "disagrees" with the Government's representations in its Notice of Compliance with *Henthorn* Obligations. (*Id.* at 1.) Scott "knows" that social services, tribal law enforcement, and tribal criminal investigators have "criminal histories, reprimands, are underqualified, didn't have appropriate background[ ] checks completed, and do not possess the required education to hold such positions." (*Id.*)

2

Scott cites *Brady v. Maryland*, 373 U.S. 83 (1963), to support his assertion that the Government must review the personnel files and submit any exculpatory evidence and/or information that would cast doubt on the credibility of investigating agents. (Doc. 203 at 2.) Scott submitted additional documents to support his allegations. (Doc. 203-1.) Scott did not request that these attachments be filed under seal, and the Court accordingly filed them in the normal course. The first page of the attachment appears to be either an attorney's or an investigator's notes. At one point, the notes state, "[An investigator] told me he had heard from an advocate in tribal court . . . that Tribal Police Officer Jonah Riediger had previously had some theft charges in Billings, Montana." (*Id.*)

Scott classifies the Government's assertion that it reviewed the files and did not find anything detrimental to the investigators' credibility as "absurd." (Doc. 203 at 2.) He requests that the Court review in camera the personnel files of the F.B.I. investigators and the tribal law enforcement officers involved in his case. (*Id.*)

A defendant retains the right to the production of exculpatory evidence in the government's possession. *Brady*, 373 U.S. at 676-77. That right, protected by the Due Process Clause of the Fifth and Fourteenth Amendments, requires the government to turn over any information about its witnesses that could cast doubt upon their credibility. *See Giglio v. United States*, 405 U.S. 150, 154 (1972). The

3

Ninth Circuit decided in *United States v. Henthorn*, 931 F.2d 29, 31 (9th Cir. 1991), that *Brady* requires the government to examine personnel files of law enforcement officers it intends to call as witnesses at trial upon a defendant's request for their production.

  The AUSA prosecuting a case remains responsible for complying with *Brady* and its progeny. *United States v. Jennings*, 960 F.2d 1488, 1490 (9th Cir. 1992). The defendant need not make an initial showing of materiality, as the defendant's demand for the personnel files requires the government's examination. *Henthorn*, 931 F.2d at 31. The government must disclose information favorable to the defense that meets the appropriate standard of materiality. *United States v. Cadet*, 727 F.2d 1453 (9th Cr. 1984). If the prosecutor is uncertain about the materiality of the information in its possession, she may submit the information to the trial court for an in camera inspection. *Id.* at 1467-68. The government is not required to provide the files to the defendant or to the court unless the files contain information that is or may be material to the defendant's case. *Henthorn*, 931 F.2d at 31.

  This Court presumes that the Government will obey the law. *See In re Hergenroeder*, 555 F.2d 686, 686 (9th Cir. 1977) (per curiam). AUSA Paisley notified the Court that she complied with the Court's Order regarding discoverable *Henthorn* material, made timely inquires, and had nothing to disclose. (Doc. 188 at

2.) Despite Scott's assertions, there exists no indication that the Government did not comply faithfully with its duty to conduct a review of the testifying agents' personnel files. *See Jennings*, 960 F.2d at 1492.

Scott appears to be under the impression that *Brady* and *Henthorn* require the Government to review *all* personnel files and submit to Scott *any* information that would cast doubt on the credibility of *all investigating* law enforcement officers. (*See* Doc. 203 at 2.) That is not the law. The Government remains responsible only for examining the personnel files of *testifying* law enforcement officers in response to a *Henthorn* request. *See Henthorn*, 931 F.2d at 31; *United States v. Herring*, 83 F.3d 1120, 1121 (9th Cir. 1996) (per curiam).

The Government's obligation to examine personnel files extends to federal law enforcement agencies. The obligation does not extend to State or local agencies whose files are not in the Government's control. *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992). Like other State and local law enforcement, tribal law enforcement, when not cross-deputized as federal agents, are not subject to *Henthorn*. *See United States v. Lantry*, 2007 WL 3353407, at *3 (D. Nev. Nov. 7, 2007) (concluding that the government did not need to inspect or produce personnel files of four tribal officers who were not commissioned as federal officers and whose personnel files were not already in the government's possession or control); *United States v. Reza-Ramos*, 2009 WL 102946, at *4 (D.

Ariz. Jan. 15, 2009) (declining to extend *Henthorn* to include tribal law enforcement officers).

Scott requested *Henthorn* information about five specific individuals: F.B.I. Agent Burke Lanthorn, Tribal Criminal Investigator Lewis Matthews, F.P.T.L.J. Jonah Reidiger, and B.I.A. Social Services Workers Brittany John and Stephanie Knowlton. (Doc. 99 at 1.) The Government represents that, of those five individuals, only F.B.I. Agent Lanthorn is subject to *Henthorn* as a federal law enforcement officer. (*See* Doc. 220 at 4.) AUSA Paisley confirmed that she complied with the Department of Justice's and the District of Montana's procedures. (*Id.* at 5.) She sent *Henthorn* inquiries to the respective law enforcement agencies involved, and received responses from both the F.B.I. and the B.I.A. Office of Justice Services, Internal Affairs Division. (*Id.*)

Fort Peck Law Enforcement did not respond to the *Henthorn* inquiry. (*Id.*) The Tribe's personnel files are not under the Government's control. Accordingly, the information contained in those files is not subject to *Henthorn*. *See Lantry*, 2007 WL 3353407, at *3; *Reza-Ramos*, 2009 WL 102946 at *4. AUSA Paisley nevertheless sent an additional inquiry to the Tribe, asking for a response. AUSA Paisley has made clear that the Government will promptly notify the Court if it receives any information that is subject to disclosure under *Henthorn* and will seek guidance in disclosing the information to Scott. (*See* Doc. 220 at 5.)

6

The Court possesses no information that indicates AUSA Paisley did not comply with her duty to faithfully review testifying agents' personnel files. *See Jennings*, 960 F.2d at 1492. The Court will rely upon the Government's representation that it complied fully with its obligations under *Henthorn* and that there exists no information to disclose. (*See* Docs. 188 at 2 & 220 at 4-5.)

Accordingly, **IT IS HEREBY ORDERED** that Scott's Motion for In Camera Review of the Government's Law Enforcement Personnel Files (Doc. 203) is **DENIED WITHOUT PREJUDICE**.

DATED this 18th day of August, 2020.

Brian Morris, Chief District Judge
United States District Court