IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LUKE JOHN SCOTT, SR.,<br><br>　　　　　　Defendant. | CR-19-29-GF-BMM<br><br>ORDER REGARDING DISCOVERY-RELATED MOTIONS (DOCS. 235, 244, 256, 257, 258, 260, 273) |

Defendant Luke John Scott, Sr. ("Scott") is representing himself in the above-captioned criminal case, with Bryan Norcross acting as stand-by counsel. (Doc. 73). Scott filed a number of motions relating to discovery:

- Doc. 235: Scott requested the Government to provide any evidence as it is required to disclose under *Giglio v. United States*, 405 U.S. 150 (1972).

- Doc. 244: Scott requested curriculum vitae and other documents and information relating to proposed Government expert testimony.

- Doc. 256: Scott requested all "reports and records of prior convictions of McKay in tribal and state courts including his criminal record and any Court referrals of adjudications in Juvenile Court."

- Doc. 257: Scott requested the "criminal histories and all other specific instances of criminal conduct for all witnesses" as well as "any and all information within the purview" of Rule 608(a) and 608(b).

- Doc. 258: Scott requested any records, files, or information that could be used for impeachment of evidence, citing in part *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir.1983).

- Doc. 260: Scott alleges noncompliance with a number of subpoenas issued by the Court, which the Court will treat as a motion to compel discovery.

- Doc. 273: Scott alleges pages are missing from a medical report produced by the Government.

The Government responded to Scott's motion for *Giglio* evidence. (Doc. 245). The Government represented that it has "provided to the defendant all exculpatory and/or impeachment information within its possession" and that the government "recognizes that this is an ongoing obligation and will continue to comply with this obligation should additional exculpatory or impeachment evidence come into its possession." (Doc. 245 at 3). The Court is satisfied with this assertion. Scott may move submit a new *Giglio* motion in the future should the Government fail in its ongoing obligation.

The Court will treat Scott's remaining motions as motions to compel and will direct the Government to respond.

**IT IS HEREBY ORDERED** that Scott's motion for production of evidence under *Giglio* (Doc. 235) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government respond within 15 days to the remaining unanswered discovery motions, including Docs. 244, 256, 257, 258, 260, and 273.

Dated the 23rd day of September, 2020.

_____
Brian Morris, Chief District Judge
United States District Court