**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. LUKE JOHN SCOTT, Sr., Defendant-Appellant. | No. 21-30128 D.C. Nos. 4:19-cr-00029-BMM-1 4:19-cr-00029-BMM MEMORANDUM* |
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. LUKE JOHN SCOTT, Sr., Defendant-Appellant. | No. 21-30129 D.C. Nos. 4:19-cr-00030-BMM-1 4:19-cr-00030-BMM |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted August 23, 2023
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This is a consolidated appeal of two criminal cases. In Appeal No. 21-30128, a jury convicted Luke Scott of assault resulting in serious bodily injury and felony child abuse. In Appeal No. 21-30129, a jury convicted Scott of aggravated sexual abuse and assault by striking, beating, or wounding. Scott raises several challenges to his conviction and sentence in both cases. We address two of Scott's challenges in our concurrently filed opinion.[1] We address the remainder in this memorandum disposition.

We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. In Appeal No. 21-30128, we affirm the conviction, vacate the sentence, and remand for resentencing. In Appeal No. 21-30129, we affirm the conviction, vacate the sentence in part, and remand for resentencing.

I.  **Appeal No. 21-30128: Child Assault Case**

A.  <u>Sufficiency of the Evidence</u>.  Scott argues that the evidence was insufficient to prove that he committed an assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). "Serious bodily injury" includes "bodily injury which involves . . . a substantial risk of death." 18 U.S.C. § 1365(h)(3); *see also*

---

[1] In the opinion, we address (1) whether the government had jurisdiction to prosecute the felony child abuse offense under the Major Crimes Act, 18 U.S.C. § 1153, and Mont. Code Ann. § 45-5-212; and (2) whether the district court's imposition of the serious bodily injury enhancement under the U.S. Sentencing Guidelines Manual § 2A3.1(b)(4)(B) (U.S. Sent'g Comm'n 2018) [hereinafter U.S.S.G.], resulted in improper double counting.

18 U.S.C. § 113(b)(2). We review de novo claims of insufficient evidence, viewing the evidence in the light most favorable to the prosecution. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003).

As Scott concedes, the evidence showed that "the marks on [Doe's] neck" were inflicted on March 17, 2019. Doe testified that those marks or bruises were caused by Scott. Scott choked Doe by grabbing and pulling the back of Doe's shirt with so much force that Doe lost consciousness. Dr. Stephens testified that the marks on Doe's neck were consistent with strangulation by ligature—something being wrapped around Doe's neck and pulled tightly. Dr. Stephens also testified that strangulation presents a serious risk of death because "[s]trangulation cuts off both the air supply to the body and the blood flow to the brain," and if "continued for long enough, . . . results in death." Viewing this evidence in the prosecution's favor, a juror could have easily found that Scott's choking of Doe involved "a substantial risk of death," 18 U.S.C. § 1365(h)(3), and thus that Scott committed an assault resulting in serious bodily injury.

B.   <u>Lesser Included Offense</u>. Scott appeals from the district court's refusal to instruct the jury that assault resulting in substantial bodily injury under 18 U.S.C. § 113(a)(7) is a lesser included offense of assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). We review this issue de novo. *United States v. Pierre*, 254 F.3d 872, 875 (9th Cir. 2001).

3

"[A]n offense is not 'lesser included' unless (1) the elements of the lesser offense are a subset of the elements of the charged offense, and (2) it is impossible to commit the greater offense without first having committed the lesser." *Id.* Our inquiry focuses on only "a comparison of statutory elements." *Id.* The elements of § 113(a)(7) are not a subset of the elements of § 113(a)(6). Section 113(a)(7) requires injury "to a spouse or intimate partner, a dating partner, or an individual who has not attained the age of 16 years," but that element is not an element of § 113(a)(6). Thus, § 113(a)(7) is not a lesser included offense of § 113(a)(6).

C.   Subpoena. Scott argues that the district court improperly denied his motion under Federal Rule of Criminal Procedure 17(b) to subpoena his 10-year-old son to testify at trial. We review the district court's denial for abuse of discretion. *United States v. Sims*, 637 F.2d 625, 629 (9th Cir. 1980).

Even assuming Scott's son spent more time with Doe than the other witnesses, Scott never claimed that his son observed any of the events that caused Doe's injuries. His son's proposed testimony boiled down to general testimony about Doe's alleged untruthful character and reckless behavior. The district court denied Scott's motion both because it found the testimony cumulative and because the motion was made very close to the trial date—about a week before trial. The proposed testimony would have been cumulative, as the district court had granted several subpoenas directed at Scott's family members who would have provided

4

similar testimony. The district court thus properly denied the motion to subpoena.[2] *See id.*

      D.      <u>Warnings</u>. After the government rested, Scott made offers of proof as to the witnesses he planned to call. Scott explained that he would be asking a witness about the veracity of Doe's statements about his injuries, and the court then warned Scott that doing so would "open the door" for the prosecutor to ask the defense witnesses about Scott's character for untruthfulness, whether or not Scott testified.[3] Scott told the court that he understood the warnings and made no objection. Scott called his witnesses but did not directly ask them about Doe's credibility.

---

[2] The district court also reasonably found that the motion was filed too close to trial. Scott offered no reason why the motion was filed so late. However, we do not need to determine whether the late filing, standing alone, would have justified denial of the motion.

[3] Although the district court stated at some points that Scott's character for truthfulness could only be attacked if he testified, the district court also gave several warnings without this qualification: "If you are going to attack [Doe's] character and you choose to testify, you've opened up your character to attack as well." "[I]f [the prosecutor] wants to cross-examine your witnesses now, if you open the door, then she can ask them about your character . . . and your reputation in the community." "[I]f you're going to attack [Doe's] truthfulness and reputation for truthfulness and honesty in the community, [the prosecutor] can attack yours . . . through cross-examination of your witnesses or cross-examination of you, if you choose to testify." "So . . . you're attacking [Doe's] credibility there. So if you want to present that testimony, understand [that the prosecutor] is going to be able to cross-examine [your witness] about your character and credibility."

On appeal, Scott argues that the court's warnings amounted to reversible error, as they effectively prevented him from eliciting testimony under Federal Rule of Evidence ("Rule") 608(a)[4] about Doe's character for untruthfulness from his defense witnesses. We review Scott's evidentiary challenge for plain error, *United States v. Orm Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012), assuming that such a challenge is reviewable.[5]

Scott makes no argument that he can satisfy the plain-error requirements. But even if he had, any such argument would fail because there is no "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023) (quoting *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021)).

The district court's multiple warnings to Scott were wrong on several levels. First, the court's warnings wrongly informed Scott that if he asked his witnesses

---

[4] A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a). Rule 608(a) applies in both civil and criminal cases. Fed. R. Evid. 1101.

[5] The government argues that Scott's challenge is unreviewable under *Luce v. United States*, 469 U.S. 38 (1984). We do not reach this issue, as Scott's challenge fails even if we assume that it is reviewable.

about Doe's credibility, then the government would be allowed to ask about Scott's credibility even if Scott did not testify. Nothing in Rule 608(a) provides that a non-testifying criminal defendant utilizing Rule 608(a) to undermine a testifying witness's credibility "opens the door" for the government to elicit testimony about that defendant's credibility. As relevant here, Rule 608(a) only covers testifying witnesses and may not be used to attack the credibility of a person who doesn't testify.[6]

Second, the court's warnings also wrongly informed Scott that, if he testified, the government's ability to attack his credibility depended on whether he asked his witnesses about Doe's credibility. The government's ability to elicit evidence about a testifying defendant's credibility has nothing to do with whether a defendant invokes Rule 608(a) to draw out evidence about a separate witness's reputation for untruthfulness. If Scott had testified, the government would have been free to try to use Rule 608(a)—but not because Scott had (or hadn't) opened the door.

---

[6] While Rule 608(a) may be used to attack the credibility of an out-of-court declarant whose statement is offered for the truth of the matter asserted, that was not the situation here. *See* Fed. R. Evid. 806 ("When a hearsay statement . . . has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness.").

7

The court's warnings amounted to obvious errors. Indeed, even the government's brief does not dispute that the court committed a plain error.[7]

But Scott cannot show the required prejudice. The district court required offers of proof as to each of Scott's witnesses, which Scott made. Based on those offers of proof, none of Scott's witnesses *would* have testified about Doe's character for untruthfulness. So Scott couldn't have been deterred from asking such "credibility" questions, because there were none that he described in his offers of proof.[8] Thus, there is no reasonable probability that, but for the errors, the outcome would have been different.[9] *See Michell*, 65 F.4th at 414.

E. <u>Crime of Violence</u>. The district court imposed a 10-year minimum sentence under 18 U.S.C. § 3559(f)(3) because it determined that assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) qualified as a crime of violence. Scott argues for the first time on appeal that the district court erred because assault resulting in serious bodily injury lacks the required element of

---

[7] The government also conceded at oral argument that at least part of the court's warnings was error. Oral. Arg. at 27:32–28:03.

[8] There were many areas covered in Scott's offers of proof as to which the government made no objection, and which the district court permitted.

[9] For this reason, we also reject Scott's argument that the district court's warnings violated his constitutional right to present a complete defense. *See United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012) ("[C]onstitutional issues not originally raised at trial are reviewed for plain error.").

8

intent needed to qualify as a crime of violence. The government agrees in light of the intervening decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), and our precedent in *United States v. Loera*, 923 F.2d 725, 727–28 (9th Cir. 1991) (holding that assault resulting in serious bodily injury can be committed by reckless conduct).[10] Given the government's concession, we vacate the sentence and remand for resentencing.

## II. Appeal No. 21-30129: Sexual Abuse Case

A. <u>Preindictment Delay</u>. Scott challenges the district court's refusal to dismiss the indictment for preindictment delay. We review the district court's refusal for abuse of discretion. *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005). But "[c]lear error is the standard for reviewing a district court's finding with respect to prejudice." *Id.*

To establish unconstitutional preindictment delay, a defendant "must prove [he] suffered actual, non-speculative prejudice from the delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989). The district court's finding that Scott failed to show actual, non-speculative prejudice was not clearly erroneous. *See Barken*, 412 F.3d at 1134. Scott's generalized statements explaining what his witnesses would have testified to if the trial had been held earlier are insufficient to

---

[10] The government confirmed its position at oral argument. Oral Arg. at 36:00–36:50.

9

show prejudice. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). Plus, Scott's own motion undercuts his claim of actual prejudice, as it and his investigator's report stated that the witnesses' memory losses were also caused by heavy drinking on the day of the incident. Thus, even without the delay, it remains uncertain whether the witnesses would have been able to recall the events on the day of the attack. Because the district court did not clearly err in finding that Scott failed to establish actual prejudice, it did not abuse its discretion in denying the motion to dismiss the indictment. *See United States v. Doe*, 149 F.3d 945, 949 (9th Cir. 1998).

Contrary to Scott's argument, the district court properly ended its analysis after determining that Scott had failed to show actual prejudice. *See Barken*, 412 F.3d at 1134. We also reject Scott's argument that prejudice should be presumed based on the length of the delay alone, as it conflicts with the requirement that a defendant must prove actual prejudice from the delay. *See Sherlock*, 962 F.2d at 1353.

B. <u>Obstruction of Justice Enhancement</u>. Scott challenges the district court's imposition of an obstruction of justice enhancement under U.S.S.G. § 3C1.1. We review the "district court's characterization of a defendant's conduct as obstruction of justice within the meaning of § 3C1.1 . . . *de novo*." *United*

10

*States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014). We review the district court's underlying factual findings for clear error. *Id.* at 821.

The district court may apply the obstruction of justice enhancement when the defendant "provid[ed] a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 cmt. n.4(G). The court may also apply the enhancement when a defendant commits perjury during trial "if such perjury pertains to conduct that forms the basis of the offense of conviction." *Id.* § 3C1.1 cmt. n.4(B). Here, the district court's basis for imposing the enhancement is unclear.

At sentencing, the court stated that the enhancement was proper given the "nature of [Scott's] testimony." But as the government pointed out below, Scott's testimony could have arguably supported either that he lied to investigators (by stating that he had consensual sex with the victim) or committed perjury (by testifying at trial that he never had sex with the victim). The district court's stated reason leaves us guessing as to which basis (or bases) the court believed supported the enhancement. Thus, we vacate the obstruction of justice enhancement and remand so that the court can clarify its basis for the enhancement.

Because the issue may arise on remand, we reject Scott's argument that the standard of proof for criminal perjury convictions (including the "two witness" or

11

"one witness plus corroboration" rule) should apply. Such a rule would conflict with our precedent that an obstruction of justice enhancement based on perjury need only be proved by a preponderance of the evidence. *Compare United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010) (stating that the standard for obstruction enhancement based on perjury is preponderance of the evidence), *with United States v. Brandyberry*, 438 F.2d 226, 227 (9th Cir. 1971) (noting that the standard for criminal perjury is "clear, convincing and direct evidence").

We also note that on remand the district court must make adequate findings if it reimposes the enhancement. To support the enhancement based on a materially false statement to investigators, the court must find that the statement (or statements) "significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1 cmt. n.4(G); *see also United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998). To support the enhancement based on perjury at trial, the district court must expressly find that "1) defendant gave false testimony; 2) the testimony was on a material matter; and 3) defendant had 'willful intent' to provide false testimony." *United States v. Jimenez-Ortega*, 472 F.3d 1102, 1103 (9th Cir. 2007) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)); *see also Castro-Ponce*, 770 F.3d at 823 (holding that the findings must be explicit).

Appeal No. 21-30128: Conviction **AFFIRMED**; sentence **VACATED**; and **REMANDED** for resentencing.

Appeal No. 21-30129: Conviction **AFFIRMED**; sentence **VACATED** in part; and **REMANDED** for resentencing.

13